**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| HAMBLI LIMITED, a United Kingdom private limited company,<br><br>        Plaintiff,<br><br>   v.<br><br>DISCOUNT HYDROPONICS, LLC, a New York limited liability company; and DOES 1 through 10,<br><br>        Defendants. | CASE NO.<br><br>**COMPLAINT FOR:**<br><br>1.  TRADEMARK INFRINGEMENT;<br><br>2.  COPYRIGHT INFRINGEMENT<br><br>**JURY TRIAL DEMANDED** |

1
**COMPLAINT**

Plaintiff, Hambli Limited ("Hambli"), by and through its undersigned attorneys, complains and allege against defendants as follows:

## NATURE OF THE ACTION

1.      Hambli seeks injunctive relief and damages for acts of trademark infringement and copyright infringement engaged in by Discount Hydroponics, LLC and DOES 1 – 10 (collectively, "Defendants") in violation of the laws of the United States.

## JURISDICTION AND VENUE

2.    This Court has subject matter jurisdiction over this action pursuant to Sections 37 and 39 of the Lanham Act (15 U.S.C. §§ 1119 and 1121), and 28 U.S.C. §§1331, 1332, and 1338, and has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

3.    The Court has personal jurisdiction over Defendants because Defendants are doing business in the State of New York and this judicial district; Defendants purposefully availed themselves of the privileges of conducting business in the State of New York and this judicial district; and Defendants regularly conduct business within the State of New York and this judicial district.

4.    Venue is properly founded in this judicial district pursuant to 28 U.S.C. § 1391(b), because Defendants are subject to personal jurisdiction within this judicial district.

## THE PARTIES

5.    Plaintiff Hambli is a private limited company, located in the United Kingdom doing business in New York. Hambli is engaged, *inter alia*, in interstate commerce throughout the United States.

6.   Upon information and belief, Defendant Discount Hydroponics ("DH") is a limited liability company organized and existing under the laws of the State of New York, with its address for personal delivery at 133 Balta Dr, Rochester, NY 14623.

7.   Upon information and belief, Defendants DOES 1-10, inclusive, are other parties not yet identified who have infringed Hambli's proprietary copyrights and trademark. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, who therefore sue said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

8.   Upon information and belief, at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Hambli's rights and the damages to Hambli proximately caused thereby.

## HAMBLI'S TRADEMARK

9.   Hambli is the owner, and the sole and exclusive licensor and distributor, of products sold and offered for sale under the Hambli trademark ("Hambli Mark").

10. Hambli has been selling its products under the Hambli Mark since February 2021. The Hambli mark is synonymous with household and office products.

11. Hambli owns a valid, registered trademark for its products under U.S. Reg. Nos. 7354689.

**COMPLAINT**

12. The Hambli Mark registration and examples of the use of the Hambli mark in the marketplace are attached shown below:

**Hambli's Registered Mark**

# HAMBLI

| | |
|---|---|
| Wordmark | HAMBLI |
| Status | LIVE REGISTERED |
| Goods & services | IC 020: Cast stone household and garden furniture; Furniture for... |
| Class | 020 |
| Serial | 97856906 |
| Owners | Hambli Limited (limited company (ltd.); UNITED KINGDOM) |

**Non-inclusive Exemplar of Hambli's Use of the Hambli Mark**





British Design



13. On information and belief, it is alleged that DH has been marketing, distributing, and selling goods under Hambli's Mark without permission, authorization, consent, or license from Hambli by "hijacking" Hambli's sales listings and passing them off as their own to sell inferior goods.

14. DH's infringing use of the Hambli Mark is shown below:

**Infringing Listing:**
*https://www.amazon.com/Glass-Money-Jar-Adults-Luxury/dp/B0B7GDXMNS*

$2,000 Dollar Glass Money Jar – Piggy Bank for Adults – 1 US Gallon Luxury Money Box Holds Over $2,000 in Dollar Coins!

Brand: Hambli
4.3 ★★★★½    172 ratings
50+ bought in past month

$29⁹⁶

Apply now and get a $80 Amazon Gift Card upon approval of the Amazon Store Card, or see if you pre-qualify with no impact to your credit bureau score.

- 🪙 $2,000 in $1 COINS – The Hambli glass money jug is a dollar hoarding dynamo, holding over $2,000 in $1 coins! The 1.125-inch neck accepts all US coins except the half dollar or silver dollar (Gold dollar coins fit there).
- 📈 MOTIVATIONAL – Watch your wealth grow as you drop in coins and bills, and proudly display the visual progress in your living room. It's the perfect blend of motivation and style, making saving money a delightful journey you'll cherish. Saving for that dream car or an epic getaway? This jar is your trusty sidekick on your thrilling savings adventure!
- 🔍 VINTAGE DESIGN – Standing tall at 11.5 inches with a charming 7-inch diameter, this 1 US Gallon retro wonder is more than just a closet companion. Supercharge your savings by proudly showcasing it on your coffee table or windowsill, turning your home into a treasure trove of style and savings!
- 🚫 LIDLESS - Say goodbye to lid-miseries with our revolutionary open-top design! Toss your change without a worry and witness the magic of your money mountain grow. Feeling fancy? Get creative with a custom lid - pick a wine stopper, big cork, or stylish bottle cap! The fun is limitless, and saving has never been this enjoyable!
- 💪 LIFETIME WARRANTY – Our jug is constructed from thick, premium glass and weighs a whopping 3.3lbs (1.5kg), meaning it won't tip either! We're so confident about our super-strong glass jug, that we offer a lifetime warranty against any manufacturing defects.

▤ Report an issue with this product or seller

VIDEOS

$29⁹⁶

FREE delivery **April 18 - 22**.
Details

Or fastest delivery **Thursday, April 17**. Order within **20 hrs 30 mins.** Details

◎ Delivering to Los Angeles 90025 - Update location

**Only 16 left in stock - order soon.**

Quantity: 1 ⌄

**Add to Cart**

**Buy Now**

Ships from    Discount Hydroponics LLc
Sold by      Discount Hydroponics LLc
Returns      30-day refund/replacement
Payment      Secure transaction

Add to List

**Other sellers on Amazon**

New (2) from $29⁹⁶  & **FREE Shipping**    ›

amazon.com/Glass-Money-Jar-Adults-Luxury/dp/B0B7GDXMNS

*hambli*
HOUSEWARES

**COMPLAINT**



15. The above listing by DH utilizes the Hambli Mark verbatim by superimposing Hambli's Mark as their brand name.

16. Hambli has not given consent, license, permission or authorization for DH to use their Mark.

17. On information and belief, Hambli alleges that DH has been marketing, distributing, and selling various inferior products, including the Money Jar above, under Hambli's Mark.

18. On information and belief, Hambli alleges that DH's use of their mark infringes on Hambli's right to restrict third party use of the same trademark in association with similar goods, because Hambli also produces a similar inferior Money Jar.

### HAMBLI'S COPYRIGHTS

19.   Hambli incorporates by this reference all paragraphs of this Complaint as set forth in full in this cause of action.

20. As demonstrated above, DH—under the guise of the Hambli Mark—sold a Money Jar. The photography ("Subject Photographs") DH uses to market, sell, and distribute the Money Jar are Hambli's proprietary photographs and protected under the Copyright Act and Berne Convention.

21.  The Subject Photographs were first published abroad and as such are excused from the registration requirement per the Berne Convention.

22. Below is a comparison of the Subject Paragraphs and the photography DH uses on its Amazon storefront ("Infringing Uses"):

| Subject Photographs | Infringing Uses |
|---|---|









**FIRST CLAIM FOR RELIEF**

(For Trademark Infringement – Against All Defendants)

23.  DH's infringement of Hambli's intellectual property rights is stark, pervasive, and willful, as reflected in the comparison of the Infringing Uses and Subject Photography.

24. Hambli owns the Hambli Mark and at no time authorized DH to exploit the Hambli Mark in any manner. Despite this lack of consent, DH marketed, sold, shipped, processed, received payment for, and otherwise facilitated transaction of goods from a counterfeit Amazon storefront.

25. DH unauthorized exploitation of Hambli's name, as well as the products they sell, also violated Hambli's trade dress rights.

26.  DH exploited both Hambli's name, as well as the appearance and aesthetic of their products, to confuse the public and create a false association between DH and Hambli. DH's storefront is a knowing recreation of Hambli's Mark and caused confusion in the marketplace as to sponsorship and association as well as provenance. DH's marketing and sales of under the Hambli Mark violated the Lanham Act.

27. DH has used in commerce a mark identical to Hambli Mark that has credibility among consumers. As evidenced by the comparison of exemplars above, DH distributed and sold products bearing the Hambli Mark or marks confusingly similar. Further, DH markets and advertises its own brand using the same products and aesthetics as employed by Hambli.

28. The comparison of the Hambli Mark and DH's unlawful exploitation of the Hambli Mark, as illustrated above clearly shows the similar nature of the uses and the likelihood it would impact purchasing decisions and confuse the consumer. DH purposefully acted in a manner that would falsely designate the origin of its use of the Hambli Mark on its own products.

29. The likelihood of consumer confusion grows when you review the online marketplace, where most shopping and purchasing occurs. Hambli is informed and believes and thereon alleges that DH, before committing the acts alleged herein, was aware of the registered Hambli Mark, accessed the Hambli Mark, then reproduced and incorporated the Hambli Mark into DH's storefront without Hambli's consent.

30. The above comparisons make it apparent that DH unlawfully reproduced, copied, used, or otherwise exploited Hambli's Mark as well as their trade dress and have adopted a mark that is identical and confusingly similar to the Hambli Mark.

31. Hambli at no point authorized DH to use the Hambli Mark or exploit their Money Jar product as complained of herein.

32. On information and belief, it is alleged that consumers have been confused as to the source of DH's products and have concluded that Hambli is associated with, sponsored, endorsed, or is otherwise affiliated with DH's storefront and products.

33. Hambli through counsel, advised DH of the violations of their rights and sought redress for the above violations, but DH failed to meaningfully respond, necessitating this action.

34. As a result of Defendants' infringing acts, Hambli has been injured in an amount not yet fully determined. In addition, as a result of Defendant's infringing acts, Hambli has suffered and will continue to suffer irreparable harm, and it has no adequate remedy at law with respect to this injury. Unless this Court enjoins Defendants' infringing acts, Hambli will continue to suffer a risk of irreparable harm.

35. Upon information and belief, by their acts, Defendants have made and will make substantial profits and gains to which they are not in law or equity entitled.

36. On information and belief, Defendants' infringing acts have been knowing, intentional, wanton, and willful, entitling Hambli to treble damages, profits, attorneys fees, and costs pursuant to 15 U.S.C. § 1117.

37. Defendants' acts have damaged and will continue to damage Hambli, and Hambli has no adequate remedy at law. Unless Defendants are permanently enjoined from their unlawful use of the Hambli Mark, Hambli will suffer irreparable harm.

## SECOND CLAIM FOR RELIEF

(For Copyright Infringement – Against All Defendants, and Each)

38. Hambli incorporates by reference the allegations contained in the proceeding paragraphs of this Complaint.

39.  Upon information and belief, Hambli alleges that Defendants, and each of them, had access to the Subject Photography, including through (a) access to Hambli's formerly available storefront; (b) access to illegally distributed copies of the Subject Photography by third-party vendors, and/or DOE Defendants, including international and/or overseas factories and vendors.

40. Access can further be inferred based on the exact reproduction of the Subject Photography on the Infringing Uses shown above.

41. Upon information and belief, Hambli alleges that one or more of the Defendants manufactures products and/or is a vendor of products similar to those featured in the Subject Photography. Hambli further alleges that said Defendant(s), and each of them, has an ongoing business relationship with Defendant retailers, and each of them, and supplied to said retailers photographs bearing unauthorized reproductions of the Subject Photography that is strikingly and/or substantially similar to the Subject Photography.

42. Upon information and belief, Hambli alleges that Defendants, and each of them, infringed their copyright by distributing, displaying, offering for sale, selling, and/or otherwise exploiting the photography identified in above through DH's Amazon storefront and other websites owned, operated, and/or controlled by DH.

43. Due to Defendants' acts of copyright infringement, Hambli has suffered damages in an amount to be established at trial.

44. Due to Defendants' acts of copyright infringement, Defendants have obtained profits they would not have realized but for their infringements of Hambli's copyrights in the Subject Photography. As such, Hambli is entitled to disgorgement of Defendants' profits attributable to their infringements in an amount to be established at trial.

45. Upon information and belief, Hambli alleges that Defendants, and each of them, have committed copyright infringement with knowledge of and/or in reckless disregard for their copyrights in the Subject Photography such that said acts of copyright infringement were willful.

## **PRAYER FOR RELIEF**

WHEREFORE, Hambli demands judgment against Defendants as follows:

1.     Finding that Defendants have violated the Lanham Act.

2.     Granting an injunction permanently restraining and enjoining Defendants, their officers, agents, employees and attorneys, and all those persons or entities in active concert or participation with them, or any of them, from advertising, marketing, promoting, supplying, distributing, offering for sale or selling skin care products or services with the Hambli Mark.

3.     Directing that Defendants account to and pay over to Hambli all profits realized by their wrongful acts and directing that such profits be trebled in accordance with Section 35 of the Lanham Act, 15 U.S.C. § 1117.

4.     Awarding Hambli statutory damages in accordance with Section 35 of the Lanham Act, 15 U.S.C. § 1117.

5.     Awarding Hambli actual damages in accordance with Section 35 of the Lanham Act, 15 U.S.C. § 1117.

6.     Awarding Hambli costs and attorney's fees and investigatory fees and expenses to the full extent provided for by Section 35 of the Lanham Act, 15 U.S.C. § 1117 and 17 U.S.C. § 505.

7.     That Hambli be awarded all Defendants' profits, plus all their losses, attributable to Defendants' infringements, the exact sum to be proven at the time of trial; or alternatively, if elected, statutory damages as available under 17 U.S.C. § 504;

8.     Awarding Hambli pre-judgment interest on any monetary award made part of the judgment against Defendants.

9.     Awarding Hambli such additional and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: August 25, 2025

By:   */s/ Scott Alan Burroughs*
Scott Alan Burroughs, Esq.
Andres Navarro, Esq.
[to be admitted *pro hac vice*]
DONIGER / BURROUGHS
247 Water Street, First Floor
New York, New York 10038
scott@donigerlawfirm.com
anavarro@donigerlawfirm.com
(310) 590-1820